**FUJI ELECTRIC CO., LTD., et al., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Court No. 83–7–00965.**

United States Court of
International Trade.

May 2, 1984.

*Memorandum To Accompany Order*
FORD, Judge.

Hitachi, Ltd. and Hitachi America Ltd., hereinafter referred to as Hitachi, has moved pursuant to Rule 24(a) of the Rules of this Court for leave to intervene as party plaintiffs and file a proposed complaint attached to its motion. The proposed intervenor urges it has an unconditional right to intervene under the provisions of Section 516(a) of the Tariff Act of 1930, as amended by the Trade Agreements Act of 1979, 19 U.S.C. § 1516(a) since it was an interested party who participated in the administrative proceeding.

Plaintiff, Westinghouse Electric Corp., and defendant, the United States, have filed partial opposition, not to the intervention but to paragraphs III, IV, V and VI of the complaint. The opposition is based upon the fact that said paragraphs set forth claims not covered by the original complaint and hence beyond the scope of this proceeding. Although Hitachi could have been a party to the action by the timely filing of a summons and complaint, it chose to participate in this action as an intervenor.

These consolidated actions are the result of a determination on June 8, 1983 by the

International Trade Administration ("ITA") of the Department of Commerce covering an antidumping review of large transformers from Japan, 48 Fed.Reg. 26498. The determinations were made pursuant to Section 751 of the Tariff Act of 1930 as amended by the Trade Agreements Act of 1979, 19 U.S.C. § 1675. The findings of its review related to exports of Fuji Electric Co., Ltd., Hitachi Ltd., and Tokyo Shibaura Electric Co. Ltd. and covered entries of merchandise through June 30, 1980.

After the results were published in the Federal Register several interested parties commenced actions in this Court. Fuji Electric Corporation of America (hereinafter referred to as Fuji), on July 7, 1983, filed a summons in Court No. 83–7–00965. A complaint was thereafter filed on August 5, 1983.

On July 7, 1983 Toshiba Corporation and Toshiba International Corporation (hereinafter referred to as Toshiba) filed a summons in Court No. 83–7–00980. The complaint to its action was filed on August 5, 1983.

Westinghouse Electric Corporation, a domestic producer of power transformers and shunt reactors instituted this antidumping proceeding and filed its summons in Court No. 83–7–00981 on July 8, 1983 and its complaint on August 8, 1983.

Inasmuch as the three actions involve similar questions of law and fact, defendant moved for consolidation pursuant to Rule 42(a), which was granted on September 8, 1983. Defendant has answered the complaints in each of these actions.

On January 20, 1984 Hitachi filed the present motion for leave to intervene in these consolidated actions. Hitachi based its right to appear as an intervenor since it was a party to the administrative proceeding. Attached to its motion Hitachi filed a nine-paragraph complaint, including five claims which raise matters not previously set forth in the pleadings filed in these consolidated actions.

The five claims involved challenge the following:

(1) The ITA's decision to utilize postdated home market sales for comparison with sales to the United States.

(2) The ITA's determination that a home market sale may be properly dated from date of the "letter of intent" pertaining to the sale.

(3) The ITA's calculation of packing cost adjustments.

(4) The ITA's holding that shunt reactors are within the scope of the dumping finding and the decision of the Secretary of the Treasury that shunt reactors were or were likely to be sold at less than fair value.

(5) The ITA's decision to omit dollar additions in the price calculations for one home market customer.

Hitachi invokes Section 516(a) of the Tariff Act of 1930, *supra,* as a basis for jurisdiction. Said section provides for time limitations on the challenging of the ITA's determinations. A party challenging a final determination under the foregoing section must do so within thirty days of publication of the determination. Hitachi permitted seven months to elapse from the date of publication, June 8, 1983 to January 20, 1984, before interposing a challenge. As indicated *supra* the challenge was based upon its status as an intervenor rather than as a party to the action.

In *Nakjima All Co., Ltd. v. United States, et al.,* 2 C.I.T. 170 (1981), an intervenor sought to amend its answer to interpose a cross claim which was not presented to the court by either plaintiff or defendant. The court held it lacked jurisdiction over the proposed cross claim since it was asserted after the statutory time limitation imposed by the statute.

The court concluded therein that, while interested parties have a right to appear and be heard, they may not do so in contravention of the time limitation imposed by the statutory provisions.

The Supreme Court in *Chandler & Price Co. v. Brandtjen & Kluge, Inc.,* 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39 held "[I]ssues tendered by or arising out of plaintiff's bill may not by the intervenor be so enlarged.

It is limited to the field of litigation open to the original parties". The court further stated "The purpose for which permission to intervene may be given is that the applicant may be put in the position to assert in that suit a right of his in respect of something there in dispute between the original parties."

Accordingly, Hitachi, appearing as intervenor, takes the action as it has been framed by the parties therein. It appears Hitachi may intervene as a matter of right, and accordingly that portion of said motion is granted. However, that part of the motion to strike paragraphs III, IV, V, VII of Hitachi's proposed complaint is granted.