**The TIMKEN COMPANY, Plaintiff,**

v.

**UNITED STATES, Defendant,**

**Magyar Gordulocsapagy Muvek, Defendant–Intervenor.**

**Court No. 90–06–00307.**

United States Court of
International Trade.

March 7, 1991.

---

Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and Charles A. St. Charles), Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, A. David Lafer (Robert J. Heilferty, Atty.–Advisor, Office of Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel), Washington, D.C., for defendant.

Bryan, Cave, McPheeters & McRoberts, Peter D. Ehrenhaft and Johanna M. Klema, Washington, D.C., for defendant-intervenor.

## MEMORANDUM OPINION

TSOUCALAS, Judge:

Plaintiff, The Timken Company ("Timken"), and defendant, United States Department of Commerce, International Trade Administration ("Commerce" or "ITA"), jointly move to strike the crossclaims asserted by the defendant-intervenor, Magyar Gordulocsapagy Muvek ("intervenor" or "MGM"), in its answer. The moving parties maintain that MGM's crossclaims seek to address issues *not* arising out of the original action and must therefore possess an independent jurisdic-

tional basis. Since the crossclaims were not filed within thirty days of publication of Commerce's determination in the Federal Register, they are jurisdictionally deficient and must be stricken.

On the other hand, intervenor argues that its crossclaims should stand because the Federal Rules of Civil Procedure, upon which this court's rules are predicated, should be interpreted liberally so as to enable the court to adjudicate all related issues simultaneously. MGM further argues that an interpretation of 19 U.S.C. § 1516a(a) (1988) which requires crossclaims to abide by the same jurisdictional standards as original actions is unduly stringent and not in harmony with the modern rules governing intervention.

### Background

While a more complete history of the nature of this action can be found in *Magyar Gordulocsapagy Muvek v. United States*, 756 F.Supp. 576 (CIT 1991), the substantive facts are reiterated herein for convenience. In 1989, Timken petitioned Commerce to effect an administrative review of an outstanding dumping order encompassing tapered roller bearings imported from Hungary. The final results of Commerce's review were published on May 22, 1990. *Final Results of Antidumping Duty Administrative Review: Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, from the Republic of Hungary*, 55 Fed.Reg. 21,066. During the disclosure conference held shortly after publication of the final results, plaintiff, as well as MGM (the only respondent involved in the review), submitted written comments alleging various clerical errors and requesting that they be corrected.

In light of the ITA's failure to effect the requested corrections, Timken timely filed the instant action challenging the final results of the administrative review on June 21, 1990. Unlike Timken, MGM did not commence suit against Commerce within the thirty day period prescribed by law.[1]

---

1. Pursuant to section 516A of The Tariff Act of 1930, as amended by the Trade Agreements Act of 1979, codified at 19 U.S.C. § 1516a(a), all challenges to a final antidumping determination by Commerce shall be commenced within thirty days following publication in the Federal Register of the challenged determination.

Instead, MGM moved for and was granted leave to intervene in Timken's action by order of this Court on September 19, 1990. MGM included in its answer several crossclaims alleging errors completely unrelated to those advanced by the plaintiff.

### Discussion

Plaintiff and defendant now move to strike MGM's crossclaims for lack of independent jurisdictional basis. "In evaluating the motions to strike, the Court must adhere to the strict standards which govern its jurisdiction." *National Ass'n of Mirror Mfrs. v. United States*, 11 CIT 648, 651, 670 F.Supp. 1013, 1014 (1987). While there is no question that "[i]ntervention in a suit before this court challenging an antidumping investigation is governed by 28 U.S.C. 2631(j)(1)(B), and Rule 24 of the Rules of this Court," *Al Tech Specialty Steel Corp. v. United States*, 10 CIT 263, 266–67, 633 F.Supp. 1376, 1380 (1986), it is equally irrefutable that neither of these sources can be interpreted to confer jurisdiction where none exists.

Thus, while the jurisdictional basis for Timken's claims is clearly provided by 19 U.S.C. § 1516a(a)(2), intervenor's crossclaims must also establish a proper jurisdictional basis. Intervenor attempts to satisfy this condition by suggesting that since the court already has jurisdiction over the main action, that jurisdiction attaches to any claims it introduces as an intervenor of right. *Intervenor's Memorandum in Opposition to Plaintiff's and Defendant's Motions to Strike Intervenor's Crossclaims* 10.

In *Nakajima All Co. v. United States*, 2 CIT 170, 1981 WL 2473 (1981), however, where, as in the instant action, an intervenor sought to introduce as a crossclaim what was in effect a separate challenge to Commerce's determination after the statutory time period had lapsed, this court held that an "intervenor cannot circumvent the explicit statutory time limitation for contesting an antidumping duty determination by simply making a cross-claim when the time for commencing an action has expired." *Id.* at 172.

The *Nakajima* court's rationale, *i.e.*, that crossclaims introduced by an intervenor must establish *independent* jurisdictional grounds, has been followed in a number of cases before this court. *See Torrington Co. v. United States*, 14 CIT ——, 731 F.Supp. 1073 (1990); *National Ass'n of Mirror Mfrs.*, 11 CIT at 651, 670 F.Supp. at 1015; *Washington Red Raspberry Comm'n v. United States*, 11 CIT 173, 657 F.Supp. 537 (1987); *East Chilliwack Fruit Growers Cooperative v. United States*, 11 CIT 104, 109, 655 F.Supp. 499, 504 (1987); *Al Tech Specialty Steel Corp.*, 10 CIT 263, 633 F.Supp. 1376 (1986); *cf. Silver Reed America, Inc. v. United States*, 9 CIT 1, 600 F.Supp. 852 (1985); *Fuji Elec. Co. v. United States*, 7 CIT 247, 595 F.Supp. 1152 (1984). Indeed, the court has "consistently held that it lacks jurisdiction over a challenge to a Commerce determination made by an intervenor when the challenge is made subsequent to the thirty day deadline under 19 U.S.C. § 1516a(a)(2) for instituting an action." *Alhambra Foundry Co. v. United States*, 13 CIT ——, ——, 685 F.Supp. 1252, 1263 (1988) (citations omitted).

Intervenor thus finds itself in the unenviable position of having to discredit a number of authoritative decisions by this court in order to succeed. To that end, intervenor proposes that these cases should be re-examined because, in those instances, the court based its decisions on the language contained in *Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39 (1935), a case which intervenor deems no longer applicable case-law because it has been superseded by the Federal Rules of Civil Procedure.

In the first instance, the Court is not as convinced as is intervenor, that adoption of the Federal Rules of Civil Procedure served to effectively overrule *Chandler*. If that were the case, certainly the Supreme Court has had ample opportunity since 1937 to so decree. Conversely, the Court has since noted that an intervenor is limited "to the field of litigation open to the original parties." *Columbia Gas Co. v. American Fuel & Power Co.*, 322 U.S. 379, 383, 64 S.Ct. 1068, 1071, 88 L.Ed. 1337 (1944).

Furthermore, while the Supreme Court has acknowledged a liberalization of the practice of intervention, *e.g., Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967), it has refrained from enlarging the scope of litigation open to intervenors.

Moreover, neither is the Court persuaded that *Nakajima, Fuji,* and their progeny relied solely on *Chandler.* To the contrary, it is evident from the most cursory reading of the caselaw, that the court viewed violation of the jurisdictional requirements of 19 U.S.C. § 1516a(a) as the primary defect. In *Washington Red Raspberry Comm'n,* the court noted that "an intervening party cannot contest an antidumping-duty order through a cross-claim which does not comport with the time limitations imposed by 19 U.S.C. § 1516a." 11 CIT at 184, 657 F.Supp. at 546.

Similar language is contained in *Al Tech Specialty Steel Corp.* There the court noted that in instances where an intervenor does not seek to join the dispute already in progress between the original parties, but rather seeks to challenge aspects of the underlying determination not otherwise in dispute, such challenges "must rise or fall on [their] own." 10 CIT at 267, 633 F.Supp. at 1381.

■ Hence, albeit mindful of the preference for intervenors to take "the action as it has been framed by the parties therein," *Fuji,* 7 CIT at 249, 595 F.Supp. at 1154, it is abundantly clear from the aforementioned caselaw that the court is far more concerned with the existence of a jurisdictional flaw. Indeed, if intervenor herein would have sought to interpose the instant crossclaims within the thirty days following publication of Commerce's final review results in the Federal Register, it is most likely that they would stand. However, here intervenor's crossclaims clearly come too late.

■ As for intervenor's argument that the court should not impose the same jurisdictional requirements on crossclaims that it does on original actions, suffice it to state that this court's jurisdiction over challenges to Commerce's antidumping determinations is predicated upon satisfaction of the jurisdictional requirements prescribed in 19 U.S.C. § 1516a. In fact, our appellate court has stated on various occasions that "since section 1516a(a)(2)(A) specifies the terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued in the Court of International Trade, those limitations must be strictly observed and are not subject to implied exceptions." *Georgetown Steel Corp. v. United States,* 801 F.2d 1308, 1312 (Fed.Cir.1986); *NEC Corp. v. United States,* 806 F.2d 247 (Fed.Cir.1986). Therefore, the time limitations specified in section 1516a is compulsive and not within the court's discretion to alter.

Thus, although the arguments offered by intervenor's counsel for the preservation of the crossclaims are novel and imaginative, "they do not surmount the strict standards governing the Court of International Trade's jurisdiction of an action such as this." *East Chilliwack Fruit Growers Cooperative,* 11 CIT at 109, 655 F.Supp. at 504–05. For, in essence, what the intervenor asks of this Court amounts to an outright rejection of the jurisdictional requirements ascribed by statute and substantial caselaw. This, the Court is not prepared to do. Accordingly, plaintiff's and defendant's motions to strike intervenor's crossclaims are granted and the crossclaims are hereby stricken.