TORRINGTON CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND
NTN BEARING CORP. OF AMERICA, ET AL., DEFENDANT-INTERVENORS

Court No. 91–05–00355

(Decided September 9, 1991)

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, Lane S. Hurewitz* and *Serena L. Wilson),* for plaintiff.
*James A. Toupin,* Assistant General Counsel, *Marc A. Bernstein,* Office of General Counsel, United States International Trade Commission, for defendant.
*Barnes, Richardson & Colburn (Robert E. Burke, Donald J. Unger, Brian F. Walsh* and *Michele E. McGuire),* for NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation, NTN Bearing Corporation of Canada and Tung Pei Industrial Co., Ltd., defendant-intervenors.
*Bryan, Cave, McPheeters & McRoberts (Peter D. Ehrenhaft),* for Magyar Gordulocsapagy Muvek, Impexmetal, Fabryka Lozysk Tocznych-Kielce and Fabryka Lozysk Tocznych-Krasnik, defendant-intervenors.

MEMORANDUM OPINION AND ORDER

DiCARLO, *Judge*: Plaintiff brings this action challenging the preliminary negative determinations of injury by the U.S. International Trade Commission in the antidumping and countervailing duty investigations of *Ball Bearings, Mounted or Unmounted, and Parts Thereof, from Argentina, Austria, Brazil, Canada, Hong Kong, Hungary, Mexico, the People's Republic of China, Poland, the Republic of Korea, Spain, Taiwan, Turkey, and Yugoslavia,* 56 Fed. Reg. 14,534 (Int'l Trade Comm'n 1991) (neg. prelim.). The Court has jurisdiction under 19 U.S.C. § 1516a(a)(1)(C) (1988) and 28 U.S.C. § 1581(c) (1988).

Defendant-intervenors NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation, NTN Bearing Corporation of Canada and Tung Pei Industrial Co., Ltd. ("NTN") seek to enlarge the scope of this action by interposing a cross-claim against ITC alleging plaintiff lacked standing to bring the antidumping petition. Defendant-intervenors Magyar Gordulocsapagy Muvek, Impexmetal, Fabryka Lozysk Tocznych-Kielce and Fabryka Lozysk Tocznych-Krasnik's ("MGM") have interposed an affirmative defense against ITC also alleging plaintiff lacked standing to bring the antidumping petition. Before the Court is plaintiff's motion to strike defendant-intervenors' claims. ITC supports plaintiff's motion.

NTN and MGM had not previously contested ITC's negative determination because they were prevailing parties at the administrative level. As a general rule, a prevailing party in an administrative proceeding may not appeal the proceeding only because it disagrees with some of the findings or reasoning. *Freeport Minerals Co. v. United States,* 3 Fed. Cir. (T) 114, 119, 758 F.2d 629, 634 (1985); *Rose Bearings, Ltd. v. United States,* 14 CIT 801, 751 F. Supp. 1545, 1547 (1990). While the Court is mindful of defendant-intervenors' arguments that they may sustain in-

jury in the future if the Court remands this action and if ITC then reverses its preliminary negative determination, which could possibly lead to an antidumping order, the court has consistently held it lacks jurisdiction over a challenge to agency action went the challenge is made subsequent to the time for filing an action under 19 U.S.C. § 1516a(a). *See, e.g. Timken Co. v. United States*, 15 CIT 87, 758 F. Supp. 1518, 1520 (1991) (striking cross-claim); *Torrington Co. v. United States*, 14 CIT 56, 731 F. Supp. 1073, 1076 (1990) (striking affirmative defense); *Alhambra Foundry Co. Ltd. v. United States*, 12 CIT 343, 357, 658 F. Supp. 1252, 1263, *aff'd after further proceedings*, 12 CIT 1110, 701 F. Supp. 221 (1988) (denying defendant-intervenors' motion for remand of ITA's negative final antidumping determination). NTN and MGM did not commence actions to challenge ITC's determination, but assert their claims in their answers, which were filed outside the limitations period. Under the cases and statutory framework, the Court must grant plaintiff's motion to strike. Nonetheless, if the defendant-intervenors in the future suffer from a legally cognizable injury as the result of an adverse agency determination, they can commence an action pursuant to 28 U.S.C. § 1581(c) as provided in 19 U.S.C. § 1516a. *See Rose Bearings, Ltd. v. United States*, 14 CIT at 803, 751 F. Supp. at 1547; *Alhambra Foundry*, 12 CIT at 357, 685 F. Supp. at 1263.

CONCLUSION

This motion having been submitted to the Court and after due deliberation, it is

ORDERED plaintiff's motion to strike is granted.