GRUPO INDUSTRIAL CAMESA, ET AL., PLAINTIFFS, AND WIRE ROPE IMPORTERS'
ASSOCIATION, PLAINTIFF-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND
COMMITTEE OF DOMESTIC STEEL WIRE ROPE AND SPECIALTY CABLE
MANUFACTURERS, DEFENDANT-INTERVENOR

Court No. 93–04–00236

(Decided February 15, 1994)

*Shearman & Sterling (Thomas B. Wilner, Jeffrey M. Winton* and *Joshua A. Newberg)* for
plaintiffs.
*Klayman & Associates, P.C. (Larry Klayman)* for plaintiff-intervenor.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial
Litigation Branch, Civil Division, United States Department of Justice *(Cynthia B.
Schultz), Lyn M. Schlitt,* General Counsel, *James A. Toupin,* Assistant General Counsel,
United States International Trade Commission *(Lyle B. Vander Schaaf),* for defendant.
*Harris & Ellsworth (Herbert E. Harris II, Cheryl Ellsworth, Jeffrey S. Levin* and
*Jennifer A. Fedor)* for defendant-intervenor.

## OPINION AND ORDER

DICARLO, *Chief Judge:* Defendant United States, joined by defendant-
intervenor, the Committee of Domestic Steel Wire Rope and Specialty
Cable Manufacturers, moves to strike the brief of plaintiff-intervenor,
the Wire Rope Importers' Association (WRIA). Defendant's motion is
granted pursuant to USCIT R. 81(m).

## BACKGROUND

This action contests the final affirmative determination by the
International Trade Commission (ITC) in the antidumping investiga-
tion of *Steel Wire Rope from the Republic of Korea and Mexico,* 58 Fed.
Reg. 16,206 (March 25, 1993). Plaintiff-intervenor initially brought a
separate action challenging the ITC determination, contending that the
determination, reached by a 3–3 tie vote, violated the Equal Protection
Clause of the United States Constitution. The court dismissed that
action for WRIA's failing to file a complaint within 30 days of the filing of
the summons, as required by 19 U.S.C. § 1516a(a)(2) (1988). *Wire Rope
Importers' Ass'n v. United States,* 17 CIT 1092, Slip Op. 93–193 (Sept.
27, 1993).

In the alternative, WRIA sought intervention in this action. By
Opinion and Order dated October 7, 1993, this court granted WRIA's
motion to intervene as of right. The court held, however, that because
WRIA filed its motion to intervene beyond the 30-day period for filing
an action contesting an antidumping determination under 19 U.S.C.
§ 1516a(3)(2), its intervention must be confined to the claims set forth
in plaintiffs' complaint. Opinion and Order dated October 7, 1993, Ct.
No. 93–04–00236, at 4.

Pursuant to the court order, WRIA filed its brief as plaintiff-interve-
nor on November 8, 1993. The brief presents a single claim: the provi-

sion of 19 U.S.C. § 1677(11) (1988), under which a tie vote of the ITC constitutes an affirmative determination, violates the Equal Protection Clause of the Constitution.

Defendant moves to strike the brief under USCIT R. 12(f), claiming that the brief is immaterial and irrelevant to this action because the issue of constitutionality of 19 U.S.C. § 1677(11) was not raised in the original complaint, and that the brief was filed in disregard of the court Order of October 7, 1993.

## DISCUSSION

As a threshold matter, the court will treat defendant's motion to strike pursuant to USCIT R. 12(f) as one pursuant to USCIT R. 81(m). Rule 12(f) permits this court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Because plaintiff-intervenor's brief is not a pleading,[1] defendant's motion to strike should be properly made under Rule 81(m), which allows the court to disregard briefs that are not "free from burdensome, irrelevant, immaterial and scandalous matter." USCIT R. 81(m). The court finds that no prejudice will result from treating the motion inaccurately denominated under Rule 12(f) as one under Rule 81(m).

As explained in the Opinion and Order of October 7, 1993, the court has consistently held that it lacks jurisdiction over an intervenor's challenge to an antidumping determination when that challenge is not covered by the original complaint and is made beyond the 30-day period prescribed by 19 U.S.C. § 1516a(a)(2) for instituting an action. *See Timken Co. v. United States,* 15 CIT 87, 89, 758 F. Supp. 1518, 1520 (1991); and cases cited therein. Following those decisions, the court held that WRIA's intervention should be limited to plaintiffs' claims for relief set forth in paragraph 16 of the complaint.

The court finds no claim challenging the constitutionality of 19 U.S.C. § 1677(11) in paragraph 16 of the complaint. Plaintiff-intervenor contends that the language of paragraph 16, which states that ITC's determination was not in accordance with law "in a number of respects, including the following * * *," is not exclusive and does not purport to include all of the ways in which ITC's determination is challenged. Plaintiff-intervenor's contention is without merit. There is no dispute over the constitutionality of a statute between the original parties. Plaintiff-intervenor's claim constitutes a separate challenge that goes beyond the claims set forth in paragraph 16 of the complaint.

Plaintiff-intervenor further contends that its argument that ITC's determination violated the Equal Protection Clause of the Constitution raises "a vitally relevant and important issue that must be addressed." Plaintiff-intervenor had its opportunity to raise the issue by filing its own action within the 30-day statutory period. Having allowed that period to lapse, plaintiff-intervenor cannot circumvent the statutory

---

[1] Pursuant to USCIT R. 24(c), WRIA was not required to file a pleading to accompany its motion to intervene in this action.

time limitation for contesting an antidumping determination by simply making a separate claim through intervention. *See Nakajima All Co. v. United States,* 2 CIT 170, 172 (1981).

Accordingly, it is hereby

ORDERED that defendant's motion to strike is granted; and it is further

ORDERED that plaintiff-intervenor's brief filed on November 8, 1993 is stricken in its entirety.