**The TORRINGTON COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

**SKF USA, Inc.; AB SKF; SKF GmbH and SKF Gleitlager GmbH, Defendants–Intervenors.**

Court No. 89–06–00359.

United States Court of International Trade.

Feb. 6, 1990.

Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart and Geert De Prest), Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., Dept. of Justice (Jeanne E. Davidson); of counsel: Douglas Cohen, Attorney–Advisor, Office of the Chief Counsel for Import Administration, U.S. Dept. of Commerce, Washington, D.C., for defendant.

Howrey & Simon (Paul Plaia, Jr., Herbert C. Shelley, Joel D. Kaufman, Cecilia H. Gonzalez, Alice A. Kipel, Lauren D. Frank and Juliana M. Cofrancesco), Washington, D.C., for defendants-intervenors SKF.

## MEMORANDUM AND ORDER

TSOUCALAS, Judge:

Plaintiff, The Torrington Company, moves this Court for an order, pursuant to Rule 12(f) of the Rules of this Court, striking the affirmative defenses that defendant-intervenors, SKF USA, INC., AB SKF, SKF GmbH, and SKF GLEITLAGER GmbH (collectively SKF) raised in the answer submitted with its motion to intervene. The Court grants plaintiff's motion to strike the affirmative defenses set forth in the intervenors' answer.

## BACKGROUND

On March 31, 1988, the Torrington Company filed a petition on behalf of the domestic industry with the U.S. Department of Commerce, International Trade Administration (ITA), seeking an antidumping investigation of antifriction bearings and parts thereof imported from the Federal Republic of Germany. The ITA conducted the investigation which resulted in a final affirmative antidumping determination published on May 3, 1989. *Final Determinations of Sales at Less Than Fair Value: Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany*, 54 Fed.Reg. 18,992 (1989).

On July 14, 1989, the Torrington Company filed a timely complaint against the United States contesting certain aspects of the final affirmative antidumping determination published by Commerce.

On September 1, 1989, SKF, respondents in the administrative proceedings, filed a motion (which this Court granted) to intervene as of right and simultaneously submitted its answer to plaintiff's complaint as prescribed by Rule 24(c) of the Rules of this Court. The answer submitted by SKF interposed two (2) affirmative defenses to plaintiff's complaint. They are as follows:

1. To the extent that Plaintiff Torrington's allegations encompass cylindrical roller bearings, spherical plain bearings, slewing rings and/or automotive wheel hub units, Intervenors aver that Plaintiff has failed to state a claim upon which relief can be granted inasmuch as Torrington lacks standing to bring an action as to these classes of merchandise.

2. Intervenors aver that Plaintiff Torrington's Complaint, to the extent that it relates to cylindrical roller bearings, spherical plain bearings, slewing rings and/or automotive wheel hub units, should be dismissed due to Torrington's lack of standing to bring an action regarding such classes of merchandise.

*Answer of Defendant–Intervenors* at 18–19.

Plaintiff now moves to strike these affirmative defenses on grounds that they raise the issue of standing which was not in contention between the original parties to this litigation and therefore amount to an untimely challenge of Commerce's determination in violation of 19 U.S.C. § 1516a. Defendant-intervenors counter that the issue of standing is fundamental and is properly raised as an affirmative defense at any time.

## DISCUSSION

The Supreme Court in *Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39 (1935), stated that the "purpose for which permission to intervene may be given is that the applicant may be put in position to assert in that suit a right of his in respect of something

there *in dispute between the original parties."* *Id.* at 59, 56 S.Ct. at 9. (emphasis added). This Court granted SKF's motion to intervene in accordance with 28 U.S.C. § 2631(j)(1)(B) (1982) [1] and Rule 24(a) of the Rules of this Court [2] to assure it the opportunity to protect its rights with respect to the issues in dispute between Torrington and the ITA. In addition to addressing the issues presented by Torrington, however, SKF seeks, by its affirmative defenses, to challenge Torrington's standing to bring this action.

■ The issue of standing was not challenged by either of the primary parties and therefore goes beyond the scope of the original litigation. In *Chandler*, the Supreme Court established that an intervenor is limited to the field of litigation open to the original parties, and cannot enlarge the issues tendered by or arising out of plaintiff's bill. 296 U.S. at 58, 56 S.Ct. at 8. Moreover, this Court has consistently held that the intervenor "takes the action as it has been framed by the parties therein," and cannot use the right of intervention to interpose claims otherwise inappropriate. *Fuji Elec. Co. v. United States,* 7 CIT 247, 249, 595 F.Supp. 1152, 1154, *appeal dismissed,* No. 84–1634 (1984); *accord, Silver*

*Reed America, Inc. v. United States,* 9 CIT 1, 600 F.Supp. 852 (1985).

■ Plaintiff Torrington's standing as an interested party was among the issues the ITA considered in reaching its final antidumping determination. In the course of its administrative investigation, the ITA concluded that Torrington had "demonstrated that it produces all five classes or kinds of the subject merchandise. Therefore, Torrington is a manufacturer, producer or wholesaler in the United States of the like products under investigation, and is an 'interested party' with standing to file this petition." 54 Fed.Reg. at 19,004.

As part of the ITA's basis for the affirmative antidumping determination, Torrington's standing was subject to challenge in this Court. Since the ITA resolved this issue in its favor, Torrington naturally did not contest it in the instant action. SKF, however, was not precluded from challenging that aspect of the ITA determination independently, pursuant to 19 U.S.C. § 1516a(a)(2) (1988) [3].

■ While section 1516a(a)(2) clearly requires any action contesting the ITA's final affirmative antidumping determination to be commenced within thirty days of publi-

---

1. 28 U.S.C. § 2631(j)(1)(B) reads in pertinent part:

    **Persons entitled to commence a civil action**
    (j)(1) Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that—
    (B) in a civil action under section 516A of the Tariff Act of 1930, only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right[.]

2. Rule 24(a) reads as follows:

    Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

3. 19 U.S.C. § 1516a(a)(2) states in pertinent part:

    **(2) Review of determinations on record**
    *(A) In general*
    Within thirty days after—
    (i) the date of publication in the Federal Register of—
    (I) notice of any determination described in clause (ii), (iii), (iv), or (v) of subparagraph (B), or
    (II) an antidumping or countervailing duty order based upon any determination described in clause (i) of subparagraph (B), or
    (ii) the date of mailing of a determination described in clause (vi) of subparagraph (B),
    an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the rules of that court, contesting any factual findings or legal conclusions upon which the determination is based.

cation of the antidumping order in the Federal Register, SKF''s answer comes well after the imposed statutory time limitations.[4] It is well settled that an "intervening party may not be permitted to contest an antidumping order in contravention of the time limitations imposed by section 516A(a)(2) and the jurisdiction of the court." *Nakajima All Co. v. United States*, 2 CIT 170, 173, 1981 WL 2473 (1981); *accord, National Ass'n of Mirror Mfrs. v. United States*, 11 CIT 648, 670 F.Supp. 1013 (1987); *Washington Red Raspberry Comm'n v. United States*, 11 CIT 173, 657 F.Supp. 537 (1987); *Al Tech Specialty Steel Corp. v. United States*, 10 CIT 263, 633 F.Supp. 1376 (1986).

Despite intervenors' attempt to differentiate this action from those cited above by interposing the untimely claims as affirmative defenses rather than cross claims, the court finds the case at bar indistinguishable from *Nakajima*, where the court concluded that an intervenor cannot circumvent the explicit statutory time limitation for contesting an antidumping duty determination by simply interjecting a claim when the time for commencing an action has expired. 2 CIT at 172.

Since intervenors' claims with regard to the issue of standing are clearly beyond the scope of the original litigation between Torrington and the ITA, and it is by now well established that intervenors who contest aspects of an antidumping determination not challenged by the original parties must comply with the statutory time limits for filing the original action (which intervenors did not do in this action), plaintiff's motion to strike the affirmative defenses set forth in the intervenors' answer is granted and the affirmative defenses are stricken.

---

**4.** As the ITA published the instant affirmative antidumping determination in the Federal Register on May 3, 1989 (54 Fed.Reg. 18,992) and the accompanying order on May 15, 1989 (54 Fed.Reg. 20,900), all actions contesting the ITA's determinations were to be initiated by June 14, 1989.