ELKTON SPARKLER CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND GUANGXI NATIVE PRODUCE IMPORT & EXPORT CORP., AND BEIHAI FIREWORKS AND FIRECRACKERS BRANCH, DEFENDANT-INTERVENOR

Court No. 91–07–00501

(Decided December 14, 1992)

*Morgan, Lewis & Bockius (Marcela B. Stras), Barnes & Thornburg (Richard H. Streeter)* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*A. David Lafer*) for defendant.
*Akin, Gump, Hauer & Feld (Spencer S. Griffith)* for defendant-intervenor.

## MEMORANDUM OPINION AND ORDER

DiCARLO, *Chief Judge:* Following the Department of Commerce's remand determination in an antidumping investigation, a foreign manufacturer's motion to intervene was granted without opposition. Plaintiff, domestic producer, moves to affirm the remand determination and dismiss the action. At issue is whether the court should affirm the remand determination without affording intervenor an opportunity to submit its challenge after the intervention has been granted. The court has jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(i) (1988) and 28 U.S.C. § 1581(c) (1988). Plaintiff's motion to affirm and dismiss is denied.

## BACKGROUND

Plaintiff filed an action challenging Commerce's final determination in the antidumping investigation of sparklers from the People's Republic of China, *See Sparklers From the People's Republic of China,* 56 Fed. Reg. 20,588 (Dep't Comm. 1991). Subsequently, the parties filed a joint motion for remand so that Commerce could conduct verification of the

questionnaire responses received from Chinese manufacturers. The court granted the motion.

On June 15, 1992, Commerce filed with the court the remand determination which increased the dumping margin from 1.64% to 41.75% for Guangxi Native Produce Import & Export Corporation, Beihai Fireworks and Firecrackers Branch (Guangxi). On June 18, 1992, Guangxi moved to intervene. The court granted the motion. In September 1992, plaintiff filed a motion to affirm the remand determination and dismiss the action, arguing the intervention is inappropriate because all issues it raised in the complaint have been resolved to plaintiff's satisfaction by the remand determination. The government and Guangxi oppose the motion.

## DISCUSSION

Plaintiff, relying on *Freeport Minerals Co. v. United States,* 3 Fed. Cir. (T) 114, 758 F.2d. 629 (1985), argues that Guangxi is required to file a separate action if it is not satisfied with the remand determination. The court disagrees. While Guangxi can challenge the remand determination by filing a separate action after Commerce publishes the remand determination in the Federal Register following the court's affirmance and dismissal of the action, *Freeport* did not require every remand determination be challenged in a separate action. Here, Guangxi has intervened before the remand determination is affirmed. As an intervenor, Guangxi "becomes a full participant in the lawsuit and is treated just as if it were an original party." *Schneider v. Dumbarton Developers, Inc.,* 767 F.2d 1007, 1017 (D.C. Cir. 1985).

This court retains jurisdiction over the action when it remands an administrative determination to the agency. *See Freeport,* 3 Fed. Cir. (T) at 122, n.21, 758 F. Supp. at 636, n.21. An action filed subsequent to the remand determination was dismissed when "the initiation of a new action * * * in a proceeding wherein this court has specifically retained its jurisdiction for review purposes would serve no purpose other than to impede sound judicial administration." *Roquette Freres v. United States,* 6 CIT 329, 331 (1983), *appeal dismissed,* 2 Fed. Cir. (T) 153 (May 30, 1984) (Table).

Plaintiff also relies on *Torrington Co. v. United States,* 14 CIT 56, 731 F. Supp. 1073 (1990), which prohibited intervenor to raise an issue beyond the scope of the original litigation. However, the intervention itself was not barred. *Id.* at 59, 731 F. Supp. at 1076. Here, Guangxi's proposed answer, submitted as required by Rule 24(c) of the rules of this court, did not raise any new issue. Guangxi only wishes to challenge the scope of the verification Commerce conducted after the remand order. Because Guangxi's challenge falls within the scope of the original litigation in which plaintiff challenged the adequacy of the verification, *see* Complaint paragraph 28, the court holds that the intervention is not barred.

Moreover, plaintiff did not to object to Guangxi's motion to intervene. Even though Guangxi stated the reasons why it was moving to intervene when it filed the motion, plaintiff did not respond.

CONCLUSION

The court holds that Guangxi may challenge the remand determination within the scope of this action. It is hereby

ORDERED that plaintiff's motion to affirm and dismiss is denied; it is further

ORDERED that Guangxi shall file its brief challenging the remand determination within 30 days from the date of this opinion; and it is further

ORDERED that the response and reply thereto shall be filed in accordance with Rule 56.1(d) of the Rules of this court.