**Slip Op. 07-24**

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
:
LAIZHOU AUTO BRAKE EQUIPMENT     :
COMPANY; LONGKOU HAIMENG MACHINERY :
CO., LTD.; LAIZHOU LUQI MACHINERY  :
CO., LTD.; LAIZHOU HONGDA AUTO    :
REPLACEMENT PARTS CO., LTD.;      :
HONGFA MACHINERY (DALIAN) CO.; and :
QINGDAO GREN (GROUP) CO.        :
:
       Plaintiffs,         :
:
       and            :
:
Longkou TLC Machinery Co., Ltd.  :
:
       Plaintiff-Intervenor   :
:
       v.            :  Court No. 06-00430
:
UNITED STATES            :
:
       Defendant,         :
:
       and            :
:
THE COALITION FOR THE PRESERVATION :
OF AMERICAN BREAK DRUM;       :
ROTOR AFTERMARKET MANUFACTURERS   :
:
       Deft.-Intervenors.    :
_____:

[Plaintiff-Intervenor's Motion for Preliminary Injunction to Enjoin Liquidation of Entries is **DENIED**.]

    <u>Trade Pacific, PLLC</u>, (<u>Robert G. Gosselink</u>), for Laizhou Auto Brake Equipment Company; Longkou Haimeng Machinery Co., Ltd.; Laizhou Luqi Machinery Co., Ltd.; Laizhou Hongda Auto Replacement Parts Co., Ltd.; Hongfa Machinary (Dalian) Co.; and Qingdao Gren (Group) Co., Plaintiffs.

    <u>Venable, LLP</u>, (<u>Lindsay Beardsworth Meyer</u>)(<u>Daniel J. Gerkin</u>), for Longkou TLC Machinery Co. Ltd., Plaintiff-Intervenor.

Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Acting Director; Commercial Litigation Branch, Civil Division, United States Department of Justice (Stephen Carl Tosini), for the United States, Defendant.

Porter, Wright, Morris & Arthur, LLP, (Leslie Alan Glick)(Renata Brandao Vasconcellos), for The Coalition for the Preservation of American Brake Drum, Defendant-Intervenor.

Porter, Wright, Morris & Arthur, LLP, (Leslie Alan Glick)(Renata Brandao Vasconcellos), for Rotor Aftermarket Manufacturers, defendant-intervenor.

## ORDER

Plaintiff-Intervenor, Longkou TLC Machinery Co., Ltd. ("LTLC") moves for preliminary injunction pursuant to Rules 56.2(a) and 65(a) of the United States Court of International Trade Rules ("USCIT R."). Defendant, the United States ("the Government"), and Defendant-Intervenors, the Coalition for the Preservation of American Break Drum, and Rotor Aftermarket Manufacturers ("the Coalition") oppose LTLC's motion for preliminary injunction.

On November 14, 2006, the United States Department of Commerce ("Commerce") published the final results of an administrative review on automotive brake rotors from China. See Brake Rotors from the People's Republic of China, 71 Fed. Reg. 66,304 (Dep't Commerce Nov. 14, 2006)(final results). Plaintiffs initiated this action by filing a timely summons and complaint on November 24, 2006.[1] On the same date, Plaintiffs filed a motion for preliminary

---

[1] The Plaintiffs in the instant matter are: Laizhou Auto Brake Equipment Company; Longkou Haimeng Machinery Co., Ltd.; Laizhou Luqi Machinery Co., Ltd.; Laizhou Hongda Auto Replacement

injunction which the Court granted on December 4, 2006. See Mot. for Prelim. Injunction to Enjoin Liquidation of Entries of November 24, 2006; See Order Granting Prelim. Injunction of December 4, 2006. On December 22, 2006, LTLC concurrently submitted a Motion to Intervene and a Motion for a "Preliminary Injunction to Enjoin Liquidation of Entries" in the case at bar. See Mot. Intervene at 1; Mot. Prelim. Inj. to Enjoin Liquidation Entries ("LTLC Mot.") at 2. On December 26, 2006, Chief Judge Jane A. Restani of the United States Court of International Trade ("CIT") granted LTLC's Motion to Intervene. See Order Granting Intervention Status of Dec. 26, 2006 ("the Order").

In the instant matter, LTLC requests that this Court enjoin the liquidation of unliquidated entries of brake motors that it has exported covered by the final results of the 2004/2005 administrative review of the antidumping order of brake rotors. See LTLC Mot. at 1-3; See Resp. Pl.-Intervenor's Mot. Prelim. Inj. Enjoin Liquidation Entries ("Coalition Resp.") at 1. see generally Brake Rotors from the People's Republic of China, 71 Fed. Reg. at 66,304-08. LTLC contends that a preliminary injunction is necessary as it is likely that the affected entries will be liquidated by United States Customs and Border Protection ("Customs") before the present action is concluded, and, as a

---

Parts Co., Ltd.; Hongfa Machinary (Dalian) Co.; and Qingdao Gren (Group) Co.

result, LTLC will be unable to "avail" itself of any lower rate that may go into effect as a result of a possible recalculation stemming from the present litigation.  See LTLC Mot. at 3.  LTLC further argues that the inability to benefit from a lower sample rate would inflict irreparable harm upon its company.  See id. at 6-7.

The Government responds that LTLC is "not entitled to advance its own claim for relief because it did not file a summons and complaint within the statutorily required time periods and thus, may only intervene in support of the [P]laintiffs' claim."  Resp. Pl.-Intervenor's Mot. Prelim. Inj. ("Gov't Resp.") at 2 (citing: 19 U.S.C. § 1516a(a)(2)(A)(2000)).  The Government asserts that granting LTLC its requested relief would provide it with preferential treatment "not allowed to other respondents who failed to file a timely summons and complaint and, accordingly, will have their entries during the review period liquidated at the cash deposit rate."  Gov't Resp. at 3.

The Coalition compliments the Government's argument by stating that LTLC lacks standing to seek an injunction as it would broaden the issues and facts before this Court.  Indeed, USCIT Rule 56.2 only authorizes a motion for preliminary injunction "to enjoin liquidation of entries that are the subject to the action . . . ."  USCIT R. 56.2(a).  The Coalition correctly states that the "case at

bar, as it stood when [LTLC] requested intervention, did not include [LTLC's] entries." Coalition Resp. at 2. The Coalition further specifies that LTLC did in fact have the opportunity to commence an action challenging Commerce's administrative review, but failed to do so, and has instead been joined as a Plaintiff-Intervenor. See Coalition Resp. at 2.

19 U.S.C. § 1516a(a)(2)(A) ("the Statute") clearly states that in a situation in which there is a "review of determinations on record," such as in the case at bar, a summons must be filed "within thirty days after the date of publication in the Federal Register."[2]   See § 1516a(a)(2)(A). Notification of Commerce's

---

[2]    The Statute states, in relevant part:
(2) Review of determinations on record

   (A) In general
   Within thirty days after --
      (i) the date of publication in the Federal Register of --
         (I) notice of any determination described in clause (ii), (iii), (iv), (v) or (viii) of subparagraph (B),
         (II) an antidumping or countervailing duty order based upon any determination described in clause (i) of subparagraph (B), or
         (III) notice of the implementation of any determination described in clause (vii) of subparagraph (B), or
      (ii) the date of mailing of a determination described in clause (vi) of subparagraph (B),

   an interested party who is a party to the proceeding . . . may commence an action in the [CIT] by filing a summons, and within thirty days thereafter a complaint, . . . contesting any factual findings or legal conclusions upon

antidumping duty order in the Federal Register for the entries at issue was published on November 14, 2006.[3] <u>See</u> Brake Rotors from the People's Republic of China, 71 Fed. Reg. at 66,304-08. This action was initiated through the filing of a timely summons and complaint on November 24, 2006. LTLC submitted its motion to intervene and its motion seeking a preliminary injunction on December 22, 2006. <u>See</u> Mot. Intervene at 1; LTLC Mot. at 2. LTLC did not submit its motion within the thirty days of publication of the Federal Register notice as is required by statute. <u>See</u> 19 U.S.C. § 1516a(a)(2)(A).

The United States Supreme Court has made clear that an intervening party is admitted to a "proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues." <u>Vinson v. Washington Gas Light Co.</u>, 321 U.S. 489, 498 (1944). This Court followed a similar rationale when it rejected an intervenor's claims as "clearly beyond the scope of the original litigation" in <u>Torrington Co. v. United States,</u>14 CIT 56,

---

which the determination is based.
19 U.S.C. § 1516a.

   [3]   The publication at issue served as notice of "an antidumping or countervailing duty order based upon [a final affirmative antidumping or countervailing duty determination]." 19 U.S.C. § 1516a(a)(2)(A); <u>See</u> Brake Rotors from the People's Republic of China, 71 Fed. Reg. at 66,304-08.

59, 731 F.Supp. 1073, 1076 (1990).[4]  Furthermore, Rule 56.2 authorizes a motion for preliminary injunction only "to enjoin the liquidation of entries that are subject of the action. . . ." USCIT  R. 56.2(a).  LTLC is not named in the original complaint. As a result of the Order, however, LTLC was named as a Plaintiff-Intervenor in this case.  The original complaint contains no language which would include LTLC's entries to the pool of suspended liquidations.

Upon consideration of the motion submitted by LTLC, the Government's Response, the Coalition's Response, all other papers and proceedings heretofore, and due deliberation herein, it is hereby:

**ORDERED** that LTLC's Motion for Preliminary Injunction to Enjoin Liquidation of Entries is **DENIED.**

                                          /s/  Nicholas  Tsoucalas
                                          NICHOLAS TSOUCALAS
                                          SENIOR JUDGE

Dated:     February 16, 2007
           New York, New York

---

    [4]    It is well settled that an "intervening party may not be permitted to contest an antidumping order in contravention of the time limitations imposed by section 516A(a)(2) and the jurisdiction of the court."  Torrington, 14 CIT at 58, 731 F.Supp. at 1076 (citing Nakajima All Co. v. United States, 2 CIT 170, 173 (1981)).