Slip Op. 23-28

# UNITED STATES COURT OF INTERNATIONAL TRADE

JILIN BRIGHT FUTURE CHEMICALS
CO. LTD,

        Plaintiff,

and

NINGXIA GUANGHUA CHERISHMET
ACTIVATED CARBON CO., LTD. AND
DATONG MUNICIPAL YUNGUANG
ACTIVATED CARBON CO., LTD.,

        Plaintiff-Intervenors,

        v.

UNITED STATES,

        Defendant,

and

CALGON CARBON CORPORATION
AND NORIT AMERICAS, INC.,

        Defendant-Intervenors.

Before: Mark A. Barnett, Chief Judge
Court No. 22-00336

## OPINION AND ORDER

[Granting Plaintiff-Intervenors' motion for preliminary injunction to enjoin the United States from liquidating certain of Plaintiff-Intervenors' entries of activated carbon.]

Dated: March 3, 2023

Jordan C. Kahn and Francis J. Sailer, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, NY, for Plaintiff-Intervenors Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd. and Datong Municipal Yunguang Activated Carbon Co., Ltd.

Emma E. Bond, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington DC, for Defendant United States. With her on the

brief were <u>Brian M. Boynton</u>, Principal Deputy Assistant Attorney General, <u>Patricia M. McCarthy</u>, Director, and <u>Claudia Burke</u>, Assistant Director.  Of counsel on the brief was <u>Ashlande Gelin</u>, Office of Trade Enforcement & Compliance, Department of Commerce.

Barnett, Chief Judge:  Before the court is plaintiff-intervenors Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd. and Datong Municipal Yunguang Activated Carbon Co., Ltd.'s (together, "Plaintiff-Intervenors") partial consent motion for preliminary injunctions to enjoin defendant, the United States ("Defendant"), from liquidating certain of its entries of activated carbon from the People's Republic of China. Partial Consent Mot. for Prelim. Injs. ("Mot."), ECF No. 30.  Specifically, Plaintiff-Intervenors seek to enjoin liquidation of all unliquidated entries of activated carbon that were exported by Plaintiff-Intervenors and entered into the United States during the period of review ("POR") between April 1, 2020, and March 31, 2021, and were subject to the U.S. Department of Commerce's ("Commerce") final determination in the fourteenth administrative review ("AR14") of the antidumping duty order on activated carbon from China.  *See* Mot. at 1–2; *see also Certain Activated Carbon from the People's Republic of China* ("*Final Results*"), 87 Fed. Reg. 67,671 (Dep't Commerce Nov. 9, 2022) (final results of antidumping duty admin review; and final determination of no shipments; 2020–2021).

The court has jurisdiction pursuant to Section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 28 U.S.C. § 1581(c) (2018) and 19 U.S.C. § 1516a(c)(2) (2018). For the reasons set forth below, Plaintiff-Intervenors' motion for a preliminary injunction is granted.

## BACKGROUND

Commerce published the *Final Results* on November 9, 2022. *See Final Results*, 87 Fed. Reg. at 67,671. On December 9, 2022, plaintiff Jilin Bright Future Chemicals Co., Ltd. ("Jilin Bright"), a foreign producer and exporter of activated carbon, filed a summons commencing this case. *See* Summons, ECF No. 1. On January 6, 2023, Jilin Bright filed a complaint challenging several aspects of Commerce's antidumping duty calculation as to Jilin Bright. *See* Compl. ¶¶ 11–18, ECF No. 9.

Plaintiff-Intervenors are separate rate respondents whose merchandise is also subject to the *Final Results*. *See* Mot. at 2–3; *Final Results*, 87 Fed. Reg. at 67,672. Plaintiff-Intervenors received the same rate as Jilin Bright, which was the only mandatory respondent whose rate was not zero, *de minimis*, or based entirely on facts available. *See Final Results*, 87 Fed. Reg. at 67,672. On February 6, 2023, Plaintiff-Intervenors filed a consent motion to intervene in this action, Consent Mot. to Intervene as of Right, ECF No. 18; *see also* Am. Consent Mot. to Intervene as of Right ("Am. Mot. to Intervene"), ECF No. 25-2, and the court granted that motion on February 9, 2023, Docket Entry, ECF No. 26.

On February 15, 2023, Commerce posted liquidation instructions to liquidate Plaintiff-Intervenors' entries of activated carbon made during the POR. *See* Mot. at 3. On February 16, 2023, Plaintiff-Intervenors filed the instant motion for preliminary injunctions. *See* Mot. Defendant opposed the motion. *See* Def.'s Resp. in Opp'n to Pl.-Ints.' Mot. for Prelim. Inj. ("Def.'s Resp."), ECF No. 32. Jilin Bright consented to the

motion while Defendant-Intervenors stated that they oppose the motion, Mot. at 9; however, they did not file responsive arguments.

## DISCUSSION

"In international trade cases, the [U.S. Court of International Trade ("USCIT")] has authority to grant preliminary injunctions barring liquidation in order to preserve a party's right to challenge the assessed duties." *Qingdao Taifa Grp. Co. v. United States*, 581 F.3d 1375, 1378 (Fed. Cir. 2009). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To prevail, Plaintiff–Intervenors must demonstrate (1) a likelihood of success on the merits; (2) the likelihood of irreparable harm without injunctive relief; (3) that the balance of equities favors Plaintiff–Intervenors; and (4) that injunctive relief serves the public interest. *Id*. at 20; *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983).

Defendant does not oppose Plaintiff-Intervenors' motion on the basis of the four-factor test for injunctive relief. Instead, Defendant contends that Plaintiff-Intervenors' motion "should be denied because it seeks to expand the issues in this case, which an intervenor may not do." Def.'s Resp. at 3 (citing *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944); *Laizhou Auto Brake Equip. Co. v. United States*, 31 CIT 212, 214–15, 477 F. Supp. 2d 1298, 1300–01 (2007)). Defendant further contends that the plain language of USCIT Rule 56.2(a), providing for statutory injunction of only "entries that are the subject of the action," cannot apply to entries made by Plaintiff-Intervenors

because "Jilin Bright's complaint did not seek nor contemplate the equitable relief"

sought by Plaintiff-intervenors.

Defendant's arguments are unpersuasive. As Defendant concedes, the court

has rejected Defendant's arguments repeatedly. Def.'s Resp. at 4 (citing to *Nexteel Co.*

*v. United States*, 43 CIT __, __, 393 F. Supp. 3d 1287, 1291 (2019); *Nexteel Co. v.*

*United States*, 41 CIT __, 227 F. Supp. 3d 1323 (Ct. Int'l Trade 2017); *New Mexico*

*Garlic Growers Coalition v. United States*, 41 CIT __, 256 F. Supp. 3d 1373 (Ct. Int'l

Trade 2017); *Fine Furniture (Shanghai) Ltd. v. United States*, 40 CIT __, 195 F. Supp.

3d 1324 (2016); *Tianjin Wanhua Co. v. United States*, 38 CIT __, 11 F. Supp. 3d 1283

(2014); *Union Steel v. United States*, 34 CIT 567, 704 F. Supp. 2d 1348 (2010); *Union*

*Steel v. United States*, 33 CIT 614, 617 F. Supp. 2d 1373 (2009); *NSK Corp. v. United*

*States*, 32 CIT 161, 547 F. Supp. 2d 1312 (2008).[1]

As the court explained in these prior opinions, "[t]he concept of enlargement is

one that is best reserved for situations in which an intervenor adds new legal issues to

those already before the court." *Nexteel*, 227 F. Supp. 3d at 1325 (quoting *Tianjin*

*Wanhua*, 11 F. Supp. 3d at 1285) (internal quotations omitted). Thus, a motion for

preliminary injunction by a plaintiff-intervenor "which does not raise additional

---

[1] As Defendant recognizes, in the 16 years since *Laizhou*, there has been a steady and consistent stream of opinions from this court finding that motions for preliminary injunction made by plaintiff-intervenors seeking only to permit the results of the litigation to be applied to their imports do not expand the scope of a case. In the absence of any new arguments, Defendant should appeal the court's ruling to the U.S. Court of Appeals for the Federal Circuit or reconsider its position going forward to permit the just, speedy and inexpensive determination of such motions. *See* USCIT Rule 1.

substantive issues does not enlarge the . . . complaint" and "simply ensures that the . . .
litigation will govern entries that are covered by the administrative review and subject to
the [determination] being challenged." *Nexteel*, 227 F. Supp. 3d at 1325–26.  Here,
there is no indication that Plaintiff-Intervenors seek to introduce new substantive issues
that were not raised in Jilin Bright's complaint.  Am. Mot. to Intervene at 3 ("Plaintiff-
Intervenors do not plan to address any issues beyond [those raised by Jilin Bright], and
then only as supplemental argumentation.").  Furthermore, as Plaintiff-Intervenors
explain, their position is entirely derivative of Jilin Bright's, because Plaintiff-Intervenors'
antidumping duty separate rate is based entirely on Jilin Bright's calculated rate, thus,
Plaintiff-Intervenors only seek to "obtain any [antidumping duty] rate benefit obtained by
[Jilin Bright]."  *Id*. at 2–3.

Defendant's reliance on the plain language of USCIT Rule 56.2(a) to limit the
entries that are "the subject of the action" to those identified in the complaint is similarly
unavailing.  *See* Def.'s Resp. at 6–8.  Rule 56.2(a) states that "[a]ny motion for a
statutory injunction . . . to enjoin the liquidation of entries that are the subject of the
action must be filed by a party to the action within 30 days after service of the
complaint."  USCIT Rule 56.2(a)(4)(A).  Rule 56.2(a) further provides that "[a]n
intervenor must file for a statutory injunction . . . no earlier than the date of filing its Rule
24 motion to intervene and no later than 30 days after the date of service of the order
granting intervention."  USCIT Rule 56.2(a)(4)(B).  Read together, these sentences
provide deadlines governing motions for injunctive relief for both plaintiffs and plaintiff-
intervenors.  Thus, the sentence relied on by Defendant is not intended to limit the

scope of injunctive relief a court may grant to plaintiff-intervenors. In effect, reading

Rule 56.2(a)(4)(A) to deny injunctive relief to intervenors would "provide intervenors with

a statutory right to participate in the litigation pursuant to 28 U.S.C. § 2631(j)[2] without

any chance for relief." *New Mexico Garlic Growers*, 256 F. Supp. 3d at 1377 (citations

and internal quotations omitted).

The court further finds that Plaintiff-Intervenors have satisfied the requirements

for a preliminary injunction. Plaintiff-Intervenors will suffer irreparable harm absent

injunctive relief because liquidation of their entries would bar them from obtaining the

relief sought, a reduction of and refund of any overpayment of antidumping duties. *See*

Mot. at 3; *see also Zenith* 710 F.2d at 810 (stating that the antidumping statutory

scheme "has no provision permitting reliquidation . . . or imposition of [a different

antidumping duty rate] after liquidation"). The court also finds that Jilin Bright has raised

issues which are "serious, substantial, difficult, and doubtful" and, thus, demonstrated a

sufficient likelihood on the merits. *Timken Co. v. United States*, 6 CIT 76, 81, 569 F.

Supp. 65, 70 (1983). Because Plaintiff-Intervenors' likelihood of success is tied to that

of Jilin Bright's success, the court finds this requirement is satisfied. *See* Mot. at 5–6.

The court agrees that the balance of equities favors Plaintiff-Intervenors because they

will suffer irreparable harm without injunctive relief and Defendant will suffer no harm

from the delay in liquidation. *See* Mot. at 4–5. Finally, the public interest is served by

---

[2] Section 2631(j) provides, with exceptions not relevant here, that "[a]ny person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action." 28 U.S.C. § 2631(j).

the grant of injunctive relief. *See SKF USA Inc. v. United States*, 28 CIT 170, 176, 316 F. Supp. 2d 1322, 1329 (2004) ("As for the public interest, there can be no doubt that it is best served by ensuring that [Commerce] complies with the law, and interprets and applies our international trade statutes uniformly and fairly."); Mot. at 6–7.

## CONCLUSION AND ORDER

Accordingly, upon consideration of Plaintiff-Intervenors' partial consent motion for a preliminary injunction, and Defendant's opposition thereto, it is hereby

**ORDERED** that Plaintiff-Intervenors' partial consent motion for a preliminary injunction is **GRANTED**; it is further

**ORDERED** that Defendant, United States, along with the delegates, officers, agents, and employees of the International Trade Administration of the U.S. Department of Commerce and U.S. Customs and Border Protection, shall be, and hereby are, **ENJOINED** from making or permitting liquidation of any unliquidated entries of activated carbon from the People's Republic of China (Case A-570-904), which:

(1) were the subject of the administrative determination published as *Certain Activated Carbon from the People's Republic of China*: Final Results of Antidumping Duty Administrative Review; and Final Determination of No Shipments; 2020-2021, 87 Fed. Reg. 67,671 (Dep't Commerce Nov. 9, 2022);

(2) were exported to the United States by Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd., or Datong Municipal Yunguang Activated Carbon Co., Ltd.;

(3) were entered into the United States during the period of review April 1, 2020,

and March 31, 2021; and

(4) remain unliquidated as of 5:00 p.m. on the day the court enters this order on

the docket in this case; and it is further

**ORDERED** that the entries covered by this injunction shall be liquidated in

accordance with the final and conclusive court decision in this matter, including all

appeals and remand proceedings.


/s/      Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated:    March 3, 2023
          New York, New York